IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
PASCO COUNTY, FLORIDA
CIVIL ACTION

**DONNA ALLEN**                                          Case No.

              **Plaintiff,**

**v.**

**UNUM LIFE INSURANCE COMPANY
OF AMERICA,**

**A Foreign Corporation,**

              **Defendant.**

## COMPLAINT

The Plaintiff, DONNA ALLEN, by and through undersigned counsel, hereby sues

UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") and alleges:

### JURISDICTION AND VENUE

1.      This is an action for breach of contracts of disability insurance and waiver of

premium for life insurance which exceeds Fifteen Thousand and 00/100 Dollars

($15,000.00), inclusive of attorney's fees, costs, and interest.

2.      The Plaintiff, Donna Allen, resides in Pasco County and is a citizen of the

State of Florida.

3.     Defendant UNUM is authorized in the insurance business in the State of Florida but is incorporated in and located in the state of Maine.

4.     The contracts at issue are a disability insurance policy delivered in the State of Florida and a life insurance policy delivered in the State of Florida, both subject to the Government Employer Exception to the Employee Retirement Security Act of 1974 ("ERISA").  A copy of the Unum Disability Insurance policy and UNUM Life Insurance policy are attached hereto as Composite Exhibit A.

## GENERAL ALLEGATIONS

5.     Plaintiff is "disabled" as that term is defined in the in the policies at issue.

6.     Plaintiff has fully exhausted her appeals with Defendant, and all conditions precedent to the award of benefits have been fully satisfied or any requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary by the actions of Defendant.

7.     Defendant has interpreted the policies in its favor and against the insured in violation of the doctrine of contra proferentem.

8.     Defendant has disregarded favorable evidence submitted by the insured.

9.     Defendant has disregarded favorable evidence submitted by its own medical experts.

## COUNT ONE
## BREACH OF CONTRACT FOR
## LONG-TERM DISABILITY BENEFITS
## (DISABILITY INSURANCE)

10.     Plaintiff reincorporates and reavers paragraphs 1-11 by reference as if fully set forth herein.

11.     Defendant has denied long-term disability benefits to the Plaintiff which are now due and owing as a result of Defendant's denial of same.

12.     Plaintiff is "totally disabled" as defined by the disability insurance policy attached hereto and has otherwise satisfied all conditions precedent to receipt of benefits pursuant to the contract at issue.

13.     Because of the Defendant's refusal to pay the benefits due Plaintiff under the policy, the Plaintiff has been forced to retain undersigned counsel to prosecute this action and has become obligated to pay a reasonable attorneys' fee, and has incurred necessary costs of prosecuting this action.

**WHEREFORE**, Plaintiff Donna Allen requests judgment against Defendant UNUM Life Insurance Company of America for the following:

A.     Damages for past, present, and ongoing disability benefits;

B.     Interest on the claim as allowed by law;

C.     Attorney's fees pursuant to Fl. Stat. Sect. 627.428.

D.    Court costs;

E.    All ancillary benefits to which she is entitled upon reinstatement of disability benefits, and

F.    Such other and further relief as the Court may deem proper.

## COUNT TWO
## BREACH OF CONTRACT FOR
## WAIVER OF PREMIUM BENEFITS
## (LIFE INSURANCE)

14.    Plaintiff reincorporates and reavers paragraphs 1-11 by reference as if fully set forth herein.

15.    Defendant UNUM has denied waiver of premium benefits due to disability to the Plaintiff which are now due and owing as a result of Defendant's denial of same.

16.    Plaintiff is "totally disabled" as defined by the life insurance policy attached hereto and has otherwise satisfied all conditions precedent to receipt of benefits pursuant to the contract at issue.

17.    Because of Defendant UNUM 's refusal to pay the benefits due Plaintiff under the policy, the Plaintiff has been forced to retain undersigned counsel to prosecute this action and has become obligated to pay a reasonable attorneys' fee, and has incurred necessary costs of prosecuting this action.

**WHEREFORE**, Plaintiff Donna Allen requests judgment against Defendant UNUM Life Insurance Company of America for the following:

4

A.      Reinstatement of Waiver of Premium for Life Insurance.

B.      Attorney's fees pursuant to Fl. Stat. Sect. 627.428.

C.      Court costs;

D.      All ancillary benefits to which she is entitled upon reinstatement of waiver

of premium due to  disability benefits, and

E.      Such other and further relief as the Court may deem proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ISSUES TRIABLE AS OF**

**RIGHT BY A JURY.**

Respectfully submitted,

**/s William S. Coffman, Jr.**

William S. Coffman, Jr. Esquire

Florida Bar No. 0188158

**COFFMAN LAW**

15436 N. Florida Avenue, Suite 103

Tampa, Florida 33613

(813) 935-7030

(813) 935-7277 fax

erisa@benefitsdenied.com

Trial Counsel for Plaintiff